IT IS ORDERED

Date Entered on Docket: January 5, 2022



_____
**The Honorable David T. Thuma**
**United States Bankruptcy Judge**

---

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW MEXICO

| | |
|---|---|
| In Re: | Case No. 19-10632-t13 |
| Paul A. Gasse<br>and Cheryl D. Gasse, | Chapter: 13 |
| Debtors. | |

### STIPULATED ORDER RESOLVING MOTION FOR RELIEF FROM AUTOMATIC STAY

**THIS MATTER** came before the Court on the Motion for Relief from Stay filed by Bank of Oklahoma, N.A, its successors and/or assigns ("Creditor") on December 6, 2021 (Docket No.: 58) on the Debtors' real property located at 5048 Galina Drive, Las Cruces, NM 88012 (the "Property"), with a legal description:

1

```
LOT 85 IN BLOCK 24 OF LAS COLINAS PLANNED UNIT DEVELOPMENT, PHASE VI-B,
LOCATED IN THE CITY OF LAS CRUCES, DONA ANA COUNTY, NEW MEXICO, AS THE
SAME IS SHOWN AND DESIGNATED ON THE PLAT THEREOF FILED FOR RECORD IN
THE OFFICE OF THE COUTNY CLERK OF DONA ANA COUNTY, NEW MEXICO ON MARCH
14, 2000 AND RECORDED IN BOOK 19 AT PAGES 393-395, PLAT RECORDS.
```

Creditor, by its counsel, Elizabeth V. Friedenstein, and Paul A. Gasse and Cheryl D. Gasse ("Debtors"), by and through their attorney, R Trey Arvizu, III (the "Parties"), agree and stipulate as follows:

1. **Automatic Stay**. The automatic stay provided by 11 U.S.C. §362 shall remain in effect, except as provided in the paragraphs below.

2. **Regular Monthly Payments**. Commencing February 1, 2022, the Debtors shall tender the regular monthly payments in the amount of $749.17 to Movant, its successors/assigns, as required pursuant to the terms of the subject Note and Mortgage, and any subsequent Notices of Mortgage Payment Change, if applicable. The Parties acknowledged and agreed that the monthly payment amount may change in the future.

3. **Cure Payment Requirements**. In addition to the payments required by paragraph 2 above, the Debtors shall cure the post-petition arrearage:

| *Post-petition payments due for:* | |
|---|---|
| 9/1/2021 to 1/1/2022 (5 months) @ $749.17 each | $3,745.85 |
| Attorney Fees: | $850.00 |
| Court Costs: | $188.00 |
| *Suspense Balance:* | *($0.00)* |
| Total arrearage: | $4,783.85 |

**The total arrears shall be paid as follows:**

| Number of Months | Arrearage Payment | Due Date |
|---|---|---|
| 1 | $531.54 | 2/15/2022 |
| 2 | $531.54 | 3/15/2022 |
| 3 | $531.54 | 4/15/2022 |
| 4 | $531.54 | 5/15/2022 |
| 5 | $531.54 | 6/15/2022 |
| 6 | $531.54 | 7/15/2022 |
| 7 | $531.54 | 8/15/2022 |
| 8 | $531.54 | 9/15/2022 |
| 9 | $531.54 | 10/15/2022 |

All such payments shall be mailed directly to the Creditor at the following address:
Bank of Oklahoma, N.A
P.O. Box 21368
Tulsa, OK 74121-1368
Full account numbers must be included on the payment(s)

4. <u>Effect of Nonsufficient Funds</u>. Any check tendered to the Creditor by the Debtors that is returned due to nonsufficient funds, in the account upon which it is drawn, shall not constitute a payment required by the terms of this Order.

5. <u>Default</u>. In the event the Creditor does not receive the payments required by this Order on the dates set forth in paragraph 2 with any grace period allowed, or paragraph 3 above, the Creditor shall send written notice, to the Debtors and Debtors' counsel and allow the Debtors fifteen (15) days from the date the written notice is mailed to cure the delinquent payment or payments. In the event the Debtors fail to cure the delinquent payment or payments within the fifteen (15) day period, or in the event the Debtors become delinquent after two (2) notices of default, Creditor shall file a declaration of default and submit an ex parte order for relief from the automatic stay of 11 U.S.C. § 362 which the Court may grant without further notice or hearing.

3

Case 19-10632-t13    Doc 63    Filed 01/05/22    Entered 01/05/22 14:55:39 Page 3 of 5

Creditor shall be entitled to recover and add to the loan, attorney fees incurred in the preparation of a notice of default, declaration of default and/or order terminating the automatic stay.

  6. In the event that the automatic stay of 11 U.S.C. §362(a) is terminated under the provisions of this Order as to the Creditor, its successors and assigns as to the property identified as 5048 Galina Drive, Las Cruces, NM 88012, the Chapter 13 Trustee shall make no further distribution to Creditor on its secured claim. The Creditor is authorized to exercise any other right or remedy available to them under law; and the 14-day stay requirement of Fed.R.Bankr.P. 4001(a)(3) is waived.

  7. The terms of this Stipulation shall be null and void if the case is converted or dismissed.

  8. Creditor and/or its successors and assigns may, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement. Any such agreement shall be nonrecourse unless included in a reaffirmation agreement. Creditor may contact the Debtor via telephone or written correspondence to offer such an agreement.

### ### END OF ORDER ###

//
//
//

Submitted by:

IDEA Law Group, LLC

*/s/ Elizabeth V. Friedenstein*
Elizabeth V. Friedenstein
2501 San Pedro Drive NE, Bldg. A, Suite 102
Albuquerque, NM 87110
Toll Free: 877-353-2146 ext.1005
Email: elizabethf@idealawgroupllc.com
Attorney for Creditor

**REVIEWED AND APPROVED:**

*/s/ R Trey Arvizu, III (by permission)*
R Trey Arvizu, III
R. Trey Arvizu III - Attorney
715 E Idaho Ave., Ste 3f
Las Cruces, NM 88001
575-527-8600
Email: trey@arvizulaw.com
Attorney for Debtors

*/s/ Tiffany M. Cornejo (by permission)*
Tiffany M. Cornejo
625 Silver Avenue SW
Suite 350
Albuquerque, NM 87102-3111
Trustee

**Copies to:**

Paul A. Gasse
Cheryl D. Gasse
5048 Galina Dr.
Las Cruces, NM 88012

5